# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U.S. BANK TRUST, N.A.,

    Plaintiff(s),

v.

WARREN M. GUEVARA, et al.,

    Defendant(s).

Case No.: 2:18-cv-00004-JCM-NJK

**Order**

(Docket No. 15)

Pending before the Court is Plaintiff's second motion to extend time to effectuate service on Defendant Warren M. Guevara ("Guevara"). Docket No. 15. For the reasons discussed below, the Court **GRANTS** Plaintiff's motion.[1]

In determining whether or not to extend time for service, courts within the Ninth Circuit engage in a two-step analysis, pursuant to Fed.R.Civ.P. 4(m). First, where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed.R.Civ.P. 4(m). "Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The Court engages in the two-step analysis below.

---

[1] Although Plaintiff titles its motion a "Motion for Order Deeming Effective Service," Docket No. 15, its points and authorities focus on extending the time for service. In granting Plaintiff's motion, the Court does not, therefore, deem the service effective as that issue is not before the Court. Instead, the Court grants Plaintiff's request to extend the time for service,

1

In this case, Plaintiff filed its complaint on January 2, 2018. Docket No. 1. Therefore, the deadline to effectuate service was April 2, 2018. *See* Fed.R.Civ.P. 4(m). On May 10, 2018, the Court issued a notice of intent to dismiss pursuant to Fed.R.Civ.P. 4(m) for Plaintiff's failure to effectuate service as to Defendants. Docket No. 7. On June 8, 2018, Plaintiff filed its initial motion to extend time to effectuate service on Defendant Guevara. Docket No. 12. On June 14, 2018, the Court denied Plaintiff's motion at Docket No. 12 for lack of good cause and, because it was not convinced that its discretion to extend the time to effectuate service was warranted. Docket No. 13.

The Court discussed the analysis and standards required to extend time to effectuate service and does not repeat them here. *Id.* at 2-3. However, the Court notes that, in its order at Docket No. 13, it explicitly rejected Plaintiff's explanation that the delay in service "stem[ed] from Plaintiff's diligence in ensuring strict compliance with [Nevada Revised Statute[s] §§ 40.437 [and] 107.510(6)] because, "Plaintiff fail[ed] to explain … why obtaining the basic contact information and declaration required by the statutes caused a four-month delay, or why Plaintiff did not attempt to either serve Defendant Guevara in the meantime or request an extension of the deadline." *Id*. In the instant motion, Plaintiff copies and pastes this exact portion of its argument the Court rejected. *Compare* Docket No. 15 at 4 *with* Docket No. 12 at 3-4. The Court therefore does not find good cause to extend the time to effectuate service on Defendant Guevara.

In the instant motion, Plaintiff reiterates the timeline of its attempts to serve Defendant Guevara. Docket No. 15 at 2-3. Plaintiff further submits that, on June 26, 2018, Defendant Guevara was personally served. *Id.* at 3, 23-25; *see UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint"). Where good cause is not found, the Court exercises its discretion to extend time to effectuate service when the extension is sought retroactively after the defendant was served or if the defendant is aware of the case. *See e.g.*, *Montana v. Drive Time Credit Corp.*, 2016 U.S. Dist. LEXIS 72653, at *3 (D. Nev. June 2, 2016) (plaintiff sought to retroactively extend the time to effectuate service when defendant was served 19 days after the deadline expired); *Carr v. Int'l Game Tech.*, 770 F. Supp. 2d 1080, 1101 (D. Nev.

Mar. 16, 2011) (defendant had actual notice of the lawsuit and had filed a motion to dismiss); *see also* Docket No. 13 at 3-4 (internal citations omitted).  The Court therefore finds it appropriate to exercise its discretion to extend time to effectuate service on Defendant Guevara.

Accordingly, the Court **GRANTS** Plaintiff's second motion to extend time to effectuate service.  Docket No. 15.  The Court extends the time for service to June 26, 2018.

IT IS SO ORDERED.

Dated: July 9, 2018

                                        _____
NANCY J. KOPPE
United States Magistrate Judge