UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSFN MASTER PARTICIPATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>WARREN M. GUEVARA, an individual, et al.,<br><br>Defendants. | Case No. 2:18-cv-004-JCM-NJK<br><br>ORDER |
|---|---|

Presently before the court is plaintiff U.S. Bank Trust, N.A.'s ("U.S. Bank") motion for default judgment. (ECF No. 24).

On January 2, 2018, U.S. Bank initiated this quiet title action against defendants Warren M. Guevara and defendant Citibank, N.A. ("Citibank"). (ECF No. 1). On June 26, 2018, U.S. Bank served Guevara. (ECF No. 14). On October 4, 2018, the court granted a stipulation of dismissal as to Citibank. (ECF No. 31). To date, Guevara has not appeared in this litigation.

On July 23, 2018, U.S. Bank file a motion for entry of clerk's default against Guevara. (ECF No. 19). The next day, the clerk entered default. (ECF No. 21). Now, U.S. Bank moves for default judgment against Guevara. (ECF No. 24). U.S. Bank requests that the court declare that U.S. Bank's deed of trust encumbers the property and is senior to any other interest in the property. *Id.*

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking

default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

After considering the foregoing, the court finds good cause to grant U.S. Bank's motion for default judgment. U.S. Bank will be prejudiced if default judgment is not entered as the bank will be left without any legal remedy to establish its superior claim to title. *See Eitel*, 782 F.2d at 1471–72. Further, there is no possibility of a dispute concerning material facts as Guevara has not appeared in this action, and there is no indication in the record that Guevara's default was due to excusable neglect. *See id.* Moreover, U.S. Bank has complied with Rule 55 and Guevara has had ample opportunity to participate in this litigation. *See id.* Therefore, the court will enter default judgment and declare that the deed of trust encumbers the property.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED, that U.S. Bank's motion for default judgment (ECF No. 24) be, and the same hereby is, GRANTED, consistent with the foregoing.

//

//

IT IS FURTHER ORDERED that U.S. Bank shall prepare and submit to the court a proposed judgment consistent with the foregoing within thirty (30) days from the date of this order.

DATED: July 22, 2019

/s/ James C. Mahan
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE