NATHAN F. SMITH #12642
MALCOLM ♦ CISNEROS. A Law Corporation
3815 S. Jones Blvd., Suite 5
Las Vegas, NV 89103
Telephone:(702) 728-5285
Telecopier:(702) 728-5228
Email: christine@crobertslaw.net

*Attorneys for U.S. Bank, National Association*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, as Trustee for LSF9 Master Participation Trust<br><br>Plaintiff,<br><br>vs.<br><br>WARREN M. GUEVARA, an individual; CITIBANK, N.A., a national association; and DOES 1 through 10, and ROES ENTITIES 1 through 10, inclusive.<br><br>Defendants. | Case No.:2:18-cv-00004-JCM-NJK<br>Dept. No.: |

## DEFAULT JUDGMENT AGAINST WARREN GUEVARA

A Motion to Enter Default Judgment having been duly made by Plaintiff for judgment against the Defendant, Warren Guevara, and the Default of said Defendant having been entered for failure to answer complaint, and it appearing that said Defendants are not in the United States military service nor infants, or incompetent people. In good cause appearing therefore, the court makes the following findings of fact and conclusions of the law and orders the following:

/ / /

/ / /

360090-v1

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. On or about August 23, 2006, for valuable consideration, Defendant Guevara executed and delivered to the lender, First West Mortgage Bankers, Ltd. a promissory note dated August 23, 2006 ("Note") in the original principal amount of $206,500.00.

2. On August 25, 2006, in order to secure payment of the Note, Defendant Guevara executed and delivered to the lender named therein, a deed of trust ("Deed of Trust"), which was recorded on August 30, 2006 in the Clark County Recorder's Office as Instrument No. 20060830-0005652, regarding real property located at 3962 Shimmering Plains, Las Vegas, Nevada 89129 ("the property").

3. Plaintiff is the current owner and holder of, and is entitled to payment pursuant to, the Note and Deed of Trust. As such, Plaintiff is entitled to enforce the Note and Deed of Trust pursuant to an Assignment of Deed of Trust.

4. Plaintiff and its assignors have performed all of its obligations under the Note and Deed of Trust.

5. Pursuant to the terms of the Note and Deed of Trust, Defendant promised and agreed to pay the Plaintiff monthly installments beginning at $1,410.47 each, commencing on October 1, 2006 and continuing through and including, with one final payment of the full debt, including all principal and accrued interest not yet paid, on the maturity date of September 1, 2031 ("Maturity Date"), at which time all remaining sums of principal and accrued and unpaid interest shall be due and payable. The Note so provides that upon default, the lender has the right to declare all amounts payable thereunder immediately due and payable.

6. Plaintiff elected to accelerate all amounts due and owing under the Note and Deed Trust pursuant to the terms of the Note and Deed of Trust.

7. As of August, 2018, $334,428.10 remains due and payable under the Note and Deed of Trust plus additional interest accruing at the rate of 6.625%, costs and attorney's fees and costs.

8. On or about October 2, 2009, Nevada Association Services, Inc. ("NAS") on behalf of Goldrush Landscape Maintenance Association, Inc. ("HOA"), caused to be recorded that certain

360090-v1

Notice of Delinquent Assessment as Document No. 200910020001813 in the Official Records of the Clark County Recorder's Office ("NODA").

9. On or about January 4, 2010, NAS on behalf of the HOA, caused to be recorded that certain Notice of Default as Document No. 201001040001623 in the Official Records of the Clark County Recorder's Office ("NOD").

10. On or about September 29, 2011, NAS on behalf of the HOA, caused to be recorded that certain Notice of Foreclosure Sale as Document No. 201109290001113 in the Official Records of the Clark County Recorder's Office ("NOS").

11. The HOA foreclosure sale occurred on November 28, 2011 ("Foreclosure Sale") and on or about December 2, 2011, a Foreclosure Deed was recorded as Document 201112020000452 in the Official Records of the Clark County Recorder's Office wherein the HOA was the highest bidder at the sale in the sum of $5,169.72.

12. The Defendant and HOA agreed that Defendant Guevara was current with assessment and dues through the 2012 calendar year and the HOA was to execute a Quit Claim deed transferring title to Defendant Guevara ("Minute Order").

13. A Quitclaim Deed was recorded on January 7, 2013 as Document No. 201301070001681 in the Official Records of the Clark County Recorder's Office wherein title to the Property was transferred from Goldrush Landscape Maintenance Association, Inc. to Warren M. Guevara ("Quit Claim Deed").

14. Plaintiff's lien was not affected by the HOA foreclosure sale, and to the extent that Plaintiff's lien was affected, it reattached to the Property following the delivery and recording of the Quitclaim Deed to Defendant, the original borrower under the Plaintiff's Deed of Trust, and due to the wrongful foreclosure sale.

15. Plaintiff's Deed of Trust is a first priority lien encumbering the Property.

16. Plaintiff currently holds a first priority Deed Of Trust encumbering the property.

17. The HOA's non-judicial foreclosure sale on the Property was invalid and did not affect the validity, priority and enforceability of the Deed of Trust which is still a first priority Deed of Trust.

360090-v1

18. Even if the HOA's non-judicial foreclosure sale was valid, it still did not affect the validity, priority and enforceability of the Deed of Trust because the Deed of Trust was and is a first priority Deed of Trust and the Quitclaim Deed transferring Goldrush LMA Inc.'s interest in the Property back to Defendant Guevara served to reattach the Deed of Trust to the Property pursuant to common law.

19. Plaintiff's Deed of Trust is senior to any interest that Defendants purport to have acquired through the Quitclaim Deed and Defendant's quitclaimed interest is subject to the Deed of Trust.

20. Plaintiff holds a beneficial interest in the Deed of Trust encumbering the Property, and that Plaintiff is currently owed $334,428.10, with interest at the rate of 6.625%, fees and penalties continuing to accrue.

21. Plaintiff's beneficial interest in the Deed of Trust is senior in priority to any other deed(s) of trust, lien(s) and/or other interest encumbering the Property currently held by Defendants.

22. The entire interest of Defendant Guevara, in the Property are subject to said beneficial interest held by Plaintiff.

23. Any right, title, or interest, express or implied, equitable or otherwise, in the Property held by Defendant Guevara if any, is subordinate to, and subject to, said beneficial interest held by Plaintiff.

The Court orders and declares the following:

**IT IS HEREBY DECLARED** that The Deed of Trust encumbers the Property in a first priority position as of the date of the recording of the Deed of Trust;

**IT IS FURTHER DECLARED** that The Deed of Trust retains its respective priority over all other subsequent recorded instruments including the Foreclosure Deed and Quitclaim Deed as of the date of the recording of the Deed of Trust;

**IT IS FURTHER DECLARED** that Plaintiff's interest in the Property is senior and superior to that of Defendants' interests and/or other parties' interests in the Property, including the interests acquired through the Quitclaim Deed as of the date of the recording of the Deed of Trust;

**IT IS FURTHER DECLARED** that Defendants' interests, and/or any other parties'

360090-v1

interests, if any, is subject to, and junior to, Plaintiff's interest in the Property, with respect to the Deed of Trust.

**IT IS FURTHER DECLARED** that Plaintiff holds a beneficial interest in the Deed of Trust.

**IT IS FURTHER DECLARED** that the Deed of Trust is a first in priority instrument encumbering the Property as of the date of the recording of the Deed of Trust.

**IT IS FURTHER DECLARED** that Plaintiff's Deed of Trust is senior in priority to any other deed(s) of trust, lien(s) and/or other interests encumbering the Property including the interests of Defendants through the Quitclaim Deed as of the date of the recording of the Deed of Trust.

**IT IS FURTHER DECLARED** that at no time since the Foreclosure Deed was recorded has any party, including Defendants, acquired an interest in the Property in a manner which allows such party to qualify as a bona fide purchaser or encumbrancer for value.

The Court orders the following:

**IT IS HEREBY ORDERED** that the Plaintiff's Deed of Trust is unaffected by the wrongful foreclosure sale and still remains in effect and encumbers the said property;

**IT IS FURTHER ORDERED** that the Defendant's interest in the property remains subject to the Plaintiff's Deed of Trust;

///

///

///

///

///

360090-v1

**IT IS FURTHER ORDERED** that as a result of Defendant's default under the note, as secured by the Deed of Trust, Plaintiff may foreclose on the property;

**IT IS SO ORDERED.**

Dated: September 10, 2019.

_____
UNITED STATES DISTRICT JUDGE

Submitted by:

MALCOLM ♦ CISNEROS, A Law Corporation

By: _____
CHRISTINE A. ROBERTS
Attorneys for Plaintiff

360090-v1